IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA M. FEATHERSTON                                                   PLAINTIFF
ADC #154947

V.                        NO. 4:23-cv-00338-KGB-ERE

JOHNSON                                                                 DEFENDANT

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge Kristine G. Baker. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Baker can adopt this Recommendation without independently reviewing the record.

### II.  Discussion:

#### A.   Background

Plaintiff Joshua M. Featherston, an Arkansas Division of Correction ("ADC") inmate at the Randall Williams Correctional Facility ("Correctional Facility"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Featherston alleges that, on February 17 and 18, 2023, another inmate sexually assaulted him.

*Id. at 4*. He explains that, on February 18, 2023, he reported these incidents to Defendant Johnson. *Id*. ADC officials then transported Mr. Featherston to the Jefferson Regional Medical Center for treatment. When he returned to the Correctional Facility, Defendant Johnson had completed a Prison Rape Elimination Act ("PREA") investigation. *Id. at 5*. Mr. Featherston complains that Defendant Johnson failed to conduct a proper investigation. He requests that ADC officials conduct another investigation. *Id at 6*.

For the following reasons, Mr. Featherston's complaint should be dismissed for failure to state a plausible constitutional claim for relief.

**B.    Analysis**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Featherston has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint,

which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

Assuming Mr. Featherston's allegations to be true, he does not have a statutory or constitutional right to an internal investigation of the February 2023 incidents. See, e.g. *Vinyard v. Wilson*, 311 F.3d 1340, 1356 (11th Cir. 2002) ("[Plaintiff] does not cite, nor have we found, any federal or state court decision, statute, regulation or other source of law that gives [her] an entitlement to an internal investigation by the Sheriff's Office of her complaints of police brutality."); see also *Hendrickson v. Schuster*, 2018 WL 1597711, at *12 (W.D. Ark. Apr. 2, 2018) (finding no constitutional claim based on prisoner's allegation that county failed to adequately investigate his sexual assault complaint); *Jacoby v. PREA Coordinator*, 2017 WL 2962858, at *4-5 (N.D. Ala. Apr. 4, 2017) (holding that an alleged failure to investigate the plaintiff's allegations of being held hostage, beaten, and raped by other inmates, combined with a failure to properly collect evidence and comply with PREA's requirements, were insufficient to state any constitutional violations); *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004)

(providing that a §1983 claim must be based upon an alleged violation of a federal constitutional or statutory right).

Mr. Featherston also states that he wants to pursue a due process claim. To state a Fourteenth Amendment Due Process claim, Mr. Featherston must allege facts to show that he was "deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003); see also U.S. Const. amend. XIV, § 1. However, Mr. Featherston's complaint fails to allege any facts to suggest that Defendant Johnson deprived him of life, liberty, or property. Accordingly, he has failed to state a plausible due process claim.

Because Mr. Featherston's complaint fails to state a plausible constitutional claim for relief, it should be dismissed.[1]

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Featherston's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

---

[1] Mr. Featherston's complaint also states that he also seeks to pursue a state law negligence claim. However, pursuant to 28 U.S.C. § 1367(c)(3), the Court should decline to exercise jurisdiction over supplemental state law claims.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 12th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE